

**MICHELLE M. HARNER**
**U.S. BANKRUPTCY JUDGE**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Shionta Shanell Somerville, | * | Case No. 18-20807-MMH |
| | * | |
| Debtor. | * | Chapter 13 |
| | * | |
| *   *   *   *   *   * | * | |
| Brenner's Restoration, Inc., | * | |
| | * | |
| Movant, | * | |
| v. | * | |
| | * | |
| Shionta Shanell Somerville, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| *   *   *   *   *   *   * | *   *   *   *   *   * | |

## MEMORANDUM OPINION

Chapter 13 of the U.S. Bankruptcy Code[1] gives the honest but unfortunate debtor an

opportunity to rehabilitate her financial affairs through a chapter 13 repayment plan. Under a

typical repayment plan, the debtor makes payments to the chapter 13 trustee, who in turn pays

creditors with allowed claims the amounts they are owed under the plan. A debtor who successfully

completes her repayment plan receives a discharge of most kinds of debt "provided for by the

plan." 11 U.S.C. § 1328(a). Consequently, at least in theory, a debtor has incentive to identify and

---

[1] 11 U.S.C. §§ 101 et seq. (the "Code").

notice all potential creditors not only of the bankruptcy case itself but also of the deadline to file proofs of claim in the case. Indeed, a creditor whose claim is not listed in the debtor's bankruptcy papers and who does not have adequate notice of the bankruptcy case in time to file a proof of claim may not be subject to the bankruptcy discharge.

In addition to benefiting the debtor, having a claim "provided for" under a confirmed chapter 13 plan also might assist a creditor. As noted above, chapter 13 plan payments are made by the chapter 13 trustee and generally are disbursed on a regular and consistent schedule. A creditor, as a result, might want to be included in the bankruptcy case even if it did not originally receive notice of the debtor's bankruptcy filing. Such a creditor might file a motion to authorize the filing of an untimely claim. The Court must then determine whether the Code and the Bankruptcy Rules permit a late filed claim under the circumstances of the case.

Brenner's Restoration, Inc., an alleged creditor of the Debtor (the "Movant"), filed such a motion in this case. As set forth below, based on the language of Bankruptcy Rule 3002(c)(6)(A) and the facts of this matter, the Court cannot grant the Movant an extension of the deadline to file a proof of claim. The Movant's debt thus will not be provided for by the Debtor's chapter 13 plan and will survive any discharge granted to the Debtor at the end of this case.

I.      **Relevant Background**

The Debtor filed this chapter 13 case on August 14, 2018. ECF 1. Prior to that filing, the Movant performed work on a house owned by the Debtor and a non-filing individual (the "non-debtor party"). The Debtor and the non-debtor party apparently tried to pay the Movant's claim from applicable insurance proceeds, but those funds were allegedly set off by the Debtor's mortgage lender. The Movant then proceeded to enforce its state law collection rights against the Debtor and the non-debtor party. These efforts ultimately led to the Movant filing state court

litigation against the Debtor and the non-debtor party on May 2, 2018. The Movant did not, however, achieve service of process on the Debtor and the non-debtor party in that state court litigation until October 18, 2018—i.e., after the Debtor filed this chapter 13 case. The Debtor did not list the Movant or the state court litigation in her original or any amended bankruptcy schedules. As a result, the Movant pressed forward in the state court litigation, without notice of the bankruptcy or the October 23, 2018, deadline to file proofs of claim in the case.

The Movant eventually learned of the Debtor's bankruptcy after trying to garnish the Debtor's wages in satisfaction of its prepetition debt. The Movant then filed two motions in the Debtor's chapter 13 case. The first motion seeks authority to file, and allowance of, an untimely proof of claim in the chapter 13 case (the "Claim Motion"). ECF 34. The second motion seeks, in the alternative, relief from the stay imposed by sections 362 and 1301 of the Code to allow the Movant to assert its claims against the Debtor and the non-debtor party outside of this chapter 13 case and in the state court (the "Stay Motion"). ECF 35. The Debtor filed an objection only to the Stay Motion. ECF 37.

Given the contested nature of the Stay Motion, the Court held a hearing in this matter on September 19, 2019 (the "Hearing"). At the Hearing, the Movant's counsel urged this Court to deny the Claim Motion and to terminate the stay, as requested in the Stay Motion, with respect to the Movant and the Movant's actions against the Debtor and the non-debtor party in the state court.[2] The Debtor's counsel did not voice any opposition to the Court addressing the merits of the Claim Motion but did oppose any relief from the stay in this case. As explained below, the Court

---

[2] The Movant did not withdraw the Claim Motion, likely because of its knowledge of the bankruptcy case and the prepetition nature of its alleged claim against the Debtor. The Movant's alleged claim does appear to constitute a "claim" under section 101(5) of the Code. As a result, resolution of the Claim Motion on the merits not only guides the Court's decision on the Stay Motion but also resolves the status of the Movant's claim vis-à-vis the Debtor's confirmed chapter 13 plan and any resulting discharge.

does not believe that it can extend the deadline for the Movant to file a proof of claim under the

facts of this chapter 13 case and will deny the Claim Motion. The Court will address the Stay

Motion, and the Debtor's objection thereto, by separate order.

## II.     Jurisdiction and Legal Standards

The Court has jurisdiction over this contested matter pursuant to 28 U.S.C. § 1334,

28 U.S.C. § 157(a), and Local Rule 402 of the United States District Court for the District of

Maryland. This matter is a "core proceeding" under 28 U.S.C. § 157(b)(2).

Section 501 and 502 of the Code allow, among other things, a creditor to file a proof of

claim in a bankruptcy case. 11 U.S.C. §§ 501, 502. That claim is deemed allowed in the bankruptcy

case unless and until a party in interest objects. 11 U.S.C. § 502(a). As such, a creditor may file an

untimely proof of claim in a bankruptcy case and that claim may be deemed allowed if no party

objects. *See, e.g., In re Smith*, No. 09-43823, 2010 WL 5018379, at *3 (Bankr. W.D. Wash. Dec. 3,

2010) (noting in the context of a chapter 13 case that "'[i]n the absence of objection, even

an *untimely* proof of claim is ... entitled to payment through the plan ….'") (citation omitted)

(emphasis in original).

The untimeliness of a proof of claim is, however, an expressed ground for objection under

section 502(b)(9) of the Code. 11 U.S.C. § 502(b)(9). Thus, the creditor filing an untimely proof

of claim without Court approval runs the risk that the Court will disallow the claim as untimely.

That disallowed claim may result in the claim being subject to discharge in a chapter 13 case, as

section 1328 of the Code provides that "the court shall grant the debtor a discharge of all debts

provided for by the plan *or disallowed* under section 502 of this title." 11 U.S.C. § 1328 (emphasis

4

added).[3] The scope of this discharge is tempered by the exceptions contained in section 1328(a), which include unscheduled claims in certain circumstances. 11 U.S.C. §§ 1328(a)(1)-(4), 523(a)(3).

Requests to file pleadings or documents out of time in a bankruptcy case are governed primarily by Bankruptcy Rule 9006. Fed. R. Bank. P. 9006. Bankruptcy Rule 9006(b)(1) generally allows extensions of time for cause when a request for an extension is filed prior to the expiration of the original deadline or otherwise for excusable neglect. With respect to the filing of proofs of claim in cases subject to Bankruptcy Rule 3002(c), however, the Court may grant extensions of the deadline only under the conditions set forth in that specific rule. Fed. R. Bankr. P. 9006(b)(3). The history and requirements of Bankruptcy Rule 3002(c) are discussed below in the context of the facts of this matter and the Movant's request to file a late claim.

III.     Analysis

The Bankruptcy Rules set forth detailed requirements for noticing creditors in bankruptcy cases. Many of these noticing rules draw on Bankruptcy Rule 1007(a)(1), which requires a debtor to file, among other things, a list of creditors included or to be included in the debtor's bankruptcy schedules (the "Creditor List"). Fed. R. Bankr. P. 1007(a). The Creditor List is then used by the Clerk of Court and others to notice creditors in the bankruptcy case. With respect to a notice of the deadline to file proofs of claim, commonly called the claims bar date, Bankruptcy Rule 2002(f)

---

[3] The Court is not herein addressing whether the discharge of such a disallowed claim might violate a creditor's due process rights. *See, e.g., Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314–15 (1950) (discussing due process in terms of notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," the conditions of such notice, and considerations of "the practicalities and peculiarities of the case"); *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010). In this matter, the Movant may either file an untimely claim with Court approval or have its debt excepted from discharge because the debt will not be an allowed claim paid under the terms of the Debtor's chapter 13 plan and it was not listed in the Debtor's schedules as required by section 521(a) of the Code. 11 U.S.C. §§ 1328(a)(2), 523(a)(3). Neither party contends that the Movant's claim itself should be disallowed and discharged. This matter does not invoke due process rights as much as the parties' procedural and substantive rights under the Code.

provides that "[e]xcept as provided in subdivision (l) of this rule, the clerk, or some other person as the court may direct, shall give the debtor, all creditors, and indenture trustees notice by mail of: … (3) the time allowed for filing claims pursuant to Rule 3002." Fed. R. Bankr. P. 2002(f).

In this matter, the Debtor timely filed her Creditor List. ECF 1; Fed. R. Bankr. P. 1007(a). No party has alleged that the Creditor List failed to include all creditors included in the Debtor's bankruptcy schedules. Rather, the Movant correctly notes that the Debtor failed to identify both the Movant's alleged claim and its state court litigation against the Debtor and the non-debtor party in the Debtor's bankruptcy schedules. The Movant was in turn omitted from the Creditor List. The Movant did not receive notice of the bankruptcy case, the claims bar date, the filing of the Debtor's proposed amended chapter 13 plan,[4] or the plan confirmation hearing. ECF 33, 34, 35.

The Movant's options at this stage of the bankruptcy case are somewhat limited. The Movant can request leave to file a late claim and, if granted, receive payments under the Debtor's chapter 13 plan. Alternatively, the Movant can assert that its claim is not subject to the Debtor's plan or any resulting discharge, thereby preserving its rights against the Debtor for resolution after the completion of the Debtor's bankruptcy case or termination of the stay. At the Hearing, despite the relief requested in the Claim Motion, the Movant's counsel focused his argument on the alternative relief requested in the Stay Motion. The Court agrees with that focus as the plain language of the Bankruptcy Rules precludes any enlargement of the claims bar date under the facts of this matter.

### A. Scope of Bankruptcy Rule 3002(c)

Bankruptcy Rule 3002(c) applies only in chapter 7, chapter 12, and chapter 13 cases. Fed. R. Bankr. P. 3002(c). Unlike a chapter 11 case, in which courts have discretion under the general

---

[4] The Court entered an order confirming the Debtor's Third Amended Chapter 13 Plan on March 20, 2019. ECF 26.

cause and excusable neglect standards of Bankruptcy Rule 9006(b),[5] Bankruptcy Rule 3002(c) expressly states the situations in which courts may extend a deadline to file proofs of claim in a chapter 7, 12, or 13 case. *See, e.g., In re Dozier*, No. 05–17911, 2010 WL 4810829 (Bankr. E.D. Tenn. Nov. 19, 2010) (explaining that courts have more discretion to extend the deadline for filing of claims in chapter 11 cases, than chapter 13 cases and the options for creditors who do not receive timely notice of chapter 13 case filings). The list identified in Bankruptcy Rule 3002(c) is static and without a catch-all or similar discretionary category.[6]

Prior to 2017, courts interpreting Bankruptcy Rule 3002(c) were divided concerning whether the language of the rule provided any discretion for courts to enlarge a claims bar date in a chapter 13 case for reasons other than those included in the statutory list. *See, e.g., In re Harris*, 447 B.R. 254, 257 (Bankr. W.D. Ark. 2011) ("While the language contained in the Code and the Rules greatly restricts the rights of creditors who do not receive notice of a debtor's bankruptcy filing, courts are split on the issue of whether a 'creditor who has received no notice in a Chapter 13 case should be entitled to file a late proof of claim notwithstanding the provisions of Bankruptcy Rules 3002(c) and 9006(b).'") (citation omitted). These cases often involved creditors who did not receive notice of the bankruptcy case or the claims bar date.

---

[5] The filing of proofs of claim in chapter 9 and chapter 11 cases is governed by Bankruptcy Rule 3003, which is not carved out from the general provisions of Bankruptcy Rule 9006(b)(1). Fed. R. Bankr. P. 9006(b)(1), (3). *See also, e.g., In re Edgefield Inn, LLC*, 521 B.R. 116, 122 (Bankr. D.S.C. 2014) ("In chapter 11 proceedings, claims are deemed filed if they are scheduled. … If a claim is not scheduled, or if a creditor disputes the claim, the creditor must file a claim before the claims bar date. … The court may extend this deadline at the request of parties for cause prior to the expiration of the time period. Fed. R. Bankr. P. 3003(c)(3); 9006(b)(1). If the time is not extended prior to the deadline, a party may request the court to permit it to file a claim out of time upon a showing of excusable neglect. Fed. R. Bankr. P. 9006(b)(1) ….") (certain citations omitted).

[6] *See, e.g., In re Young*, No. 04-53818, 2007 WL 703493, at *5 (Bankr. M.D.N.C. Mar. 2, 2007) (stating that "the deadline set by Rule 3002 for filing a proof of claim is an absolute deadline. A 'bankruptcy court lacks any equitable power to extend the claims bar date in a chapter 13 case; it may only be extended pursuant to one of the explicit exceptions stated in Rule 3002(c) itself.'") (citations omitted).

At the time, the primary language in Bankruptcy Rule 3002(c) referencing an enlargement of time for insufficient notice read, "If notice of the time to file a proof of claim has been mailed to a creditor at a foreign address, on motion filed by the creditor before or after the expiration of the time, the court may extend the time by not more than 60 days if the court finds that the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim." Fed. R. Bankr. P. 3002(c)(6) (Dec. 1, 2016). Most courts considering the issue held that the language of Bankruptcy Rule 3002(c) did not permit an extension of the bar date for insufficient notice, absent the creditor proving the other element of subsection (c)(6) or the application of another subsection of the rule. *See In re Mazik*, 592 B.R. 812, 815 (Bankr. E.D. Pa. 2018) ("Under the majority view, prior to December 1, 2017, creditors without notice of the claims bar date had no means to enlarge their time to file a claim.").[7]

Bankruptcy Rule 3002(c) was amended in 2017 to, among other things, broaden the scope of subsection (c)(6). That subsection now reads,

> (c) Time for filing
> In a voluntary chapter 7 case, chapter 12 case, or chapter 13 case, a proof of claim is timely filed if it is filed not later than 70 days after the order for relief under that chapter or the date of the order of conversion to a case under chapter 12 or chapter 13. In an involuntary chapter 7 case, a proof of claim is timely filed if it is filed not later than 90 days after the order for relief under that chapter is entered. But in all these cases, the following exceptions apply:
> …
>> (6) On motion filed by a creditor before or after the expiration of the time to file a proof of claim, the court may extend the time by not more than 60 days

---

[7] *See also, e.g., In re Hulslander*, No. BR 12-41395-JJR13, 2017 WL 507293, at *2 (Bankr. N.D. Ala. Feb. 7, 2017) ("'The majority of courts considering the issue in Chapter 13 have declined to extend the bar date under any other equitable theory. A small minority of cases, nevertheless, have found some marginal 'give' in the wording of the statutes and the rules.'") (citation omitted); *In re Mitchell*, No. 14-24877, 2015 WL 5444332, at *2 (Bankr. D. Md. Sept. 15, 2015) (explaining that Bankruptcy Rule 9006(b)(3) "prohibits enlargement of the deadline for filing a claim in a chapter 13 case except to the extent of exceptions (of no applicability here) listed in Rule 3002(c)"); *In re Brown*, No. 05-34889-DK, 2006 WL 4547180, at *1 (Bankr. D. Md. Sept. 19, 2006) (sustaining objection to claim because "Bankruptcy Rule 9006(b)(3) explicitly does not allow the Court to extend the time deadline established by Bankruptcy Rule 3002(c) to file a proof of claim in a Chapter 13 case"). In addition, this Court previously considered the issue in a case in which the petition date and claims bar date occurred prior to December 1, 2017. *See In re Sweet*, Case No. 17-11749-MMH, ECF 150.

from the date of the order granting the motion. The motion may be granted if
the court finds that:

(A) the notice was insufficient under the circumstances to give the creditor a
reasonable time to file a proof of claim because the debtor failed to timely
file the list of creditors' names and addresses required by Rule 1007(a); or

(B) the notice was insufficient under the circumstances to give the creditor a
reasonable time to file a proof of claim, and the notice was mailed to the
creditor at a foreign address.

Fed. R. Bankr. P. 3002 (Dec. 1, 2017). The language added to subsection (c)(6) did not, however,

eliminate the debate over the scope of the rule.

Courts generally recognize that amended Bankruptcy Rule 3002(c)(6) requires both

insufficient notice *and* an untimely filing of the Creditor List (or notice mailed to a foreign address)

to support an extension of the claims bar date. *See, e.g., In re Wulff*, 598 B.R. 459, 465 (Bankr.

E.D. Wis. 2019); *In re Fryman*, 18-20660, 2019 WL 2612763 (Bankr. E.D. Ky. July 24, 2019), *as

amended* (July 24, 2019); *In re Price*, No. 18-71260, 2019 WL 2895006, at *2 (Bankr. W.D. Va.

July 3, 2019); *In re Wood*, No. 18-00639, 2019 WL 1398180, at *2 (Bankr. D.D.C. Mar. 26, 2019).

As explained by the court in *Wulff*, "[i]f insufficient notice alone were grounds for an extension,

[the creditor] would be entitled to one. But the rule requires more—the insufficient notice must

result from one of the two conditions outlined in the rule." 598 B.R. at 465. The condition most

courts have scrutinized to date is the debtor's filing of the Creditors List. For example, if a creditor

is omitted from the debtor's schedules, does Bankruptcy Rule 1007(a) require the identification of

that creditor on the Creditor List?[8] Similarly, does the filing of an inaccurate but timely Creditor

List constitute an untimely Creditor List for purposes of amended Bankruptcy Rule 3002(c)(6)?[9]

---

[8] *See, e.g., In re Fryman*, No. 2019 WL 2612763, at *3 ("The omission of an unscheduled creditor from the Mailing List does not constitute a failure to timely file the list of creditors for the purposes of Rule 3002(c)(6)(A).").

[9] *See, e.g., Wulff*, 598 B.R. at 465 ("Neither condition [contained in Bankruptcy Rule 3002(c)(6)] is present here. Wulff did not fail to file his creditor matrix timely—he filed it on December 12, 2017, the same day he filed his petition. And notice was not mailed to CNH at a foreign address, the invalid address Wulff's counsel provided was in Pennsylvania."). At least one court has determined that a timely filed Creditor List that omits a scheduled creditor does not comply with Bankruptcy Rule 1007(a) of the Code and therefore is untimely, as to the omitted creditor, for purposes of Bankruptcy Rule 3002(c)(6). *See Mazik*, 592 B.R. at 818 ("I also hold that the requirement before an

The Court has reviewed the decisions addressing amended Bankruptcy Rule 3002(c)(6)(A) and studied the language of the rule itself. The words of the rule require two elements to support a requested extension: (i) insufficient notice *caused by* (ii) the debtor's failure "to timely file the list of creditors' names and addresses required by [Bankruptcy] Rule 1007(a)." Fed. R. Bankr. P. 3002(c)(6)(A). A creditor must prove both elements to receive an extension of the claims bar date.[10]

The Court agrees with those courts that have taken a plain meaning approach to Bankruptcy Rule 3002(c)(6) and held that a creditor's insufficient notice must be caused by an untimely filing of the Creditor List or notice mailed to a foreign address.[11] With respect to the filing of the Creditor List, Bankruptcy Rule 1007(a) requires only that a debtor file with her petition a list of creditors (including names and addresses) who are or will be included in the debtor's bankruptcy schedules.[12] If that list is timely filed, Bankruptcy Rule 3002(c)(6) does not permit enlarging the time for a moving creditor to file a proof of claim.

---

extension may be granted under the Rule 3002(c)(6)(A)—i.e., that the lack of notice must be caused by the debtor's 'failure to timely file the list of creditors' names and addresses required by Rule 1007(a)' is satisfied if the debtor files a list of creditors that omits the name and address of the creditor seeking relief under the rule."). *See also In re Jackson*, C/A No. 18-03159, 2019 WL 3797580 (Bankr. D.S.C. July 24, 2019) (citing *Mazik* with approval). The Court acknowledges the position set forth in *Mazik* but declines to rely on that decision as it is factually different than the matter before the Court.

[10] In general, absent a contrary provision in the Code or the Bankruptcy Rules, the movant bears the burden of proof when requesting relief such as that set forth in the Claim Motion. *See, e.g., In re Xpedior Inc.*, 325 B.R. 392, 398 (Bankr. N.D. Ill. 2005) (explaining, in chapter 11 context and under excusable neglect standard governing late filed claims, that "[t]he movant bears the burden of proof"). *See also In re Egan*, 526 B.R. 111 (Bankr. S.D.N.Y. 2015) (movant bears burden of proof in seeking approval of informal proof of claim in chapter 13 case); *In re Dumain*, 492 B.R. 140 (Bankr. S.D.N.Y. 2013) (same). For a decision considering a creditor's actual notice of a bankruptcy case in the context of a request to file a late claim under amended Bankruptcy Rule 3002(c)(6), see *In re Price*, 2019 WL 2895006, at *1.

[11] As explained below, the Court does not find the language of Bankruptcy Rule 3002(c)(6) ambiguous. The Court is not, however, addressing herein the general application of Bankruptcy Rules 3002(c) and 9006 in the context of a claims bar date foreclosed by the timing of a dismissal and then subsequent reinstatement of a bankruptcy case. *See, e.g., In re Gil-De la Madrid*, 817 F.3d 371, 373 (1st Cir. 2016) ("No circuit has held, however, that in a case that is dismissed after the petition is filed and then reinstated after the ninety-day period has run, a creditor must file while the case is dismissed in order for the claim to be timely filed.").

[12] Bankruptcy Rule 1007(a) requires the debtor to file her Creditor List with her bankruptcy petition or within an extension of that deadline granted by the court for cause shown. Fed. R. Bankr. P. 1007(a)(1), (5). Under Bankruptcy Rule 1007(c), a debtor may file her bankruptcy schedules up to 14 days after the filing of her petition; thus, there may

The Court acknowledges that the drafters of the rule could have intended broader coverage.[13] A court could try to look behind the language of the rule to find support for characterizing a timely but inaccurate or incomplete Creditor List as "untimely" for purposes of the rule. This Court is, however, uncomfortable making such inferences when the language of the rule is unambiguous.[14] Moreover, the Court recognizes the competing policies at play in any dispute involving a claims bar date and will not disturb the balance struck in the Code and the Bankruptcy Rules absent clear reason and legal basis to do so.[15]

---

be instances in which a debtor files her Creditor List prior to the bankruptcy schedules. Notably, Bankruptcy Rule 3002(c)(6) does not speak to the adequacy of the Creditor List or whether it complies with section 521 of the Code. In addition, Local Rules 1007-1 and 1007-3 direct a debtor to take certain actions when filing the Creditor List and to correct any mistakes or omissions in the Creditor List. The Local Rules do not, however, change the deadline for the filing the Creditor List. By this decision, the Court is not addressing the consequences of a debtor knowingly omitting a creditor from the Creditor List or otherwise failing to comply with her duties under section 521(a) of the Code. Other sections of the Code provide remedies for such conduct. *See, e.g.,* 11 U.S.C. § 1307(c). Likewise, a creditor whose due process rights are at issue (e.g., no actual or constructive notice of a bankruptcy case) may have arguments to preserve their claims separate and apart from procedural and substantive rights under the Code. *See supra* note 3. The Court is not by this decision addressing any such arguments.

[13] The notes to the 2017 amendment to Bankruptcy Rule 3002(c)(6) provide that "[s]ubdivision (c)(6) is amended to expand the exception to the bar date for cases in which a creditor received insufficient notice of the time to file a proof of claim. The amendment provides that the court may extend the time to file a proof of claim if the debtor fails to file a timely list of names and addresses of creditors as required by Rule 1007(a). The amendment also clarifies that if a court grants a creditor's motion under this rule to extend the time to file a proof of claim, the extension runs from the date of the court's decision on the motion." Fed. R. Bankr. P. 3002, Adv. Comm. Note 2017 Amendments. Although this note and prior iterations of the draft amendment could support a broader reading of Bankruptcy Rule 3002(c)(6), the Court does not find the language of the rule itself confusing or ambiguous. The Court thus will not consider the underlying history to the amendment. Moreover, the amendment to Bankruptcy Rule 3002(c)(6) was part of a comprehensive reworking of the chapter 13 rules and the creation of a national form plan; it likely would be difficult to discern definitive intent for this one rule from that broader rule-making effort.

[14] *See, e.g., Pavelic & LeFlore v. Marvel Entm't Grp.*, 493 U.S. 120, 123, 110 S. Ct. 456, 458, 107 L. Ed. 2d 438 (1989) ("We give the Federal Rules of Civil Procedure their plain meaning, *Walker v. Armco Steel Corp.,* 446 U.S. 740, 750, n. 9, 100 S.Ct. 1978, 1985 n. 9, 64 L.Ed.2d 659 (1980), and generally with them as with a statute, '[w]hen we find the terms ... unambiguous, judicial inquiry is complete,' *Rubin v. United States,* 449 U.S. 424, 430, 101 S.Ct. 698, 701, 66 L.Ed.2d 633 (1981)."); *In re Sunterra Corp.,* 361 F.3d 257, 265 (4th Cir. 2004) ("And as a settled principle, 'unless there is some ambiguity in the language of a statute, a court's analysis must end with the statute's plain language....' *Hillman v. I.R.S.,* 263 F.3d 338, 342 (4th Cir.2001) (citing *Caminetti v. United States,* 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917))."); *In re Howlette*, 401 B.R. 218, 222 (Bankr. D. Md. 2008) ("The Court reads and interprets the Federal Rules of Civil Procedure according to their plain meaning.").

[15] Considering the practicalities of a chapter 13 case, limiting late filed claims to creditors identified by the debtor in a late filed Creditor List may work to protect the rights of creditors holding allowed claims being paid under the confirmed plan and creditors without sufficient notice who will be treated outside the plan. Indeed, allowing a significant late filed claim two or three years into a chapter 13 repayment plan could disrupt the anticipated payments to creditors and a debtor's ability to complete that plan. Although similar concerns could exist with claims being treated outside of a plan, a court may balance those issues in resolving any requests for relief from stay.

### B.  Application of Bankruptcy Rule 3002(c)

In this matter, no party disputes that the Movant had insufficient notice of the claims bar date. The question is whether that insufficient notice was caused by an untimely filing of the Creditor List. It was not. As noted above, the Debtor timely filed her Creditor List in accordance with Bankruptcy Rule 1007(a). ECF 1. Consequently, a delayed filing of that list was not the cause of the Movant's insufficient notice. The Court may not, under these circumstances, enlarge the Movant's time to file a proof of claim.

That said, the Movant is not without a remedy. As courts recognized prior to the 2017 amendments, a creditor who did not have adequate notice of the claims bar date and is not permitted to file a late proof of claim is not subject to the chapter 13 discharge set forth in section 1328(a) of the Code. *See, e.g., In re Cassani*, No. 08-13185-SSM, 2009 WL 3854860 (Bankr. E.D. Va. Nov. 16, 2009) (explaining that "an unlisted creditor that did not receive notice of the commencement of a chapter 13 case in time to file a proof of claim by the bar date is not left without a remedy. Many courts have held that the claim of such a creditor has not been 'provided for' by the plan and is therefore excluded from discharge. § 1328(a)(1), Bankruptcy Code"); *Brown*, 2006 WL 4547180, at *1; *In re Kristiniak*, 208 B.R. 132, 134 (Bankr. E.D. Pa. 1997) (collecting cases). This conclusion flows from the language of section 1328(a) of the Code generally, as well as sections 1328(a)(2) and 523(a)(3). 11 U.S.C. §§ 523(a), 1328(a). The provisions of the Code and the Bankruptcy Rules work together to permit the filing of late claims in a chapter 13 case in certain limited circumstances and to protect the rights of innocent creditors when those circumstances do not apply.

The Movant's inability to file a late proof of claim is not the result of its conduct. The Movant was not scheduled as a creditor in this case, did not receive notice of the claims bar date,

and did not have notice of the case until well after the expiration of the claims bar date. The Movant's alleged claim against the Debtor thus is not an allowed claim being provided for by the plan and will not be discharged at the end of this case. As a result, the Movant's rights, if any, against the Debtor and the non-debtor party are preserved and may be pursued upon either (i) completion of the Debtor's chapter 13 case or (ii) an earlier termination of the stay under sections 362 and 1301.[16]

## IV.    Conclusion

The Court finds the plain meaning of Bankruptcy Rule 3002(c) resolves the issues raised by the Claim Motion. The Debtor timely filed her Creditor List, thereby making the exception for late filed claims set forth in subsection (c)(6)(A) inapplicable to the facts before the Court. The Movant's alleged claims were not scheduled, and the Movant had insufficient notice of the Debtor's chapter 13 case and the claims bar date. The Movant's rights, if any, against the Debtor are not affected by the discharge set forth in section 1328(a) of the Code, but the Movant remains subject to the Code until the stay of section 362 and 1301 is terminated by operation of law or order of the Court. The Court will enter a separate order consistent with this memorandum opinion denying the Claim Motion.


cc:    Debtor
       Debtor's Counsel
       Movant's Counsel
       Chapter 13 Trustee


### END OF MEMORANDUM OPINION

---

[16] The Court notes that this approach encourages debtors to fully identify and disclose creditors on their schedules and Creditor Lists while protecting the rights of creditors to the extent that debtors fail to meet such disclosure obligations. It also respects and protects the interests of a debtor's other creditors who are subject to the chapter 13 case and being paid under the debtor's chapter 13 plan. *See also supra* note 15.